FILED
CLERK, U.S. DISTRICT COURT

4/23/2024

CENTRAL DISTRICT OF CALIFORNIA
BY: ___CDO___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2024 Grand Jury

| UNITED STATES OF AMERICA, | CR No. 2:24-cr-00260-PA |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [18 U.S.C. § 1708: Mail Theft; 18 U.S.C. § 1029(a)(2): Access Device Fraud in Excess of $1,000; 18 U.S.C. § 1028A(a)(1): Aggravated Identity Theft; 18 U.S.C. § 1704: Unlawful Possession of Counterfeit Postal Keys; 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2), 1029, and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| JUSTUS GABRIEL SACKETT-MICHEL, aka "Justie Gabreal Sackett," | |
| Defendant. | |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 1708]

On or about March 28, 2020, in Los Angeles County, within the Central District of California, defendant JUSTUS GABRIEL SACKETT-MICHEL, also known as "Justie Gabreal Sackett," stole, took, and abstracted mail and mail matter from and out of a letter box, mail receptacle, mail route, and authorized depository for mail matter, namely, community mailboxes located at the Woodbine Apartments, 10323 Woodbine Street, Los Angeles, California, with the intent to deprive

the owners of the mail and mail matter, temporarily and permanently, of its use and benefit.

COUNT TWO

[18 U.S.C. § 1029(a)(2)]

Beginning on or about March 29, 2020, and continuing through on or about March 31, 2020, in Los Angeles County, within the Central District of California, and elsewhere, defendant JUSTUS GABRIEL SACKETT-MICHEL, also known as "Justie Gabreal Sackett," knowingly and with intent to defraud, used an unauthorized access device (as defined in Title 18, United States Code, Sections 1029(e)(1) and (3)), namely, a Wells Fargo credit card account number ending in -0154 belonging to a person other than defendant SACKETT-MICHEL, and by such conduct obtained things of value aggregating at least $1,000 during a one-year period, with said use having an effect on interstate and foreign commerce.

## COUNT THREE

[18 U.S.C. § 1028A(a)(1)]

On or about March 31, 2020, in Los Angeles County, within the Central District of California, and elsewhere, defendant JUSTUS GABRIEL SACKETT-MICHEL, also known as "Justie Gabreal Sackett," knowingly possessed and used, without lawful authority, means of identification that defendant SACKETT-MICHEL knew belonged to another person, namely, the name of victim K.M. and Wells Fargo credit card account number ending in -0154, during and in relation to the offense of Access Device Fraud in Excess of $1,000, a felony violation of Title 18, United States Code, Section 1029(a)(2), as charged in Count Two of this Indictment.

COUNT FOUR

[18 U.S.C. § 1708]

On or about April 1, 2020, in Los Angeles County, within the Central District of California, defendant JUSTUS GABRIEL SACKETT-MICHEL, also known as "Justie Gabreal Sackett," stole, took, and abstracted mail and mail matter from and out of a letter box, mail receptacle, mail route, and authorized depository for mail matter, namely, community mailboxes located at the Woodbine Apartments, 10323 Woodbine Street, in Los Angeles, California, with the intent to deprive the owners of the mail and mail matter, temporarily and permanently, of its use and benefit.

COUNT FIVE

[18 U.S.C. § 1704]

On or about April 8, 2020, in Los Angeles County, within the Central District of California, defendant JUSTUS GABRIEL SACKETT-MICHEL, also known as "Justie Gabreal Sackett," knowingly possessed with the intent to unlawfully and improperly use, and to cause the same to be unlawfully and improperly used, a key suited to a lock adopted and in use at the time by the United States Post Office Department and Postal Service, and to any authorized receptacle for the deposit and delivery of mail matter, namely, three counterfeit Postal Service "arrow" keys.

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts One or Four of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to the offenses; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. §§ 982 and 1029]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Sections 982(a)(2) and 1029, in the event of the defendant's conviction of the offenses set forth in any of Counts Two or Three of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense;

(b) Any personal property used or intended to be used to commit the offense; and

(c) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1) and 1029(c)(2), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the

court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/s/
Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

BENEDETTO L. BALDING
Assistant United States Attorney
Deputy Chief, General Crimes Section

JENA A. MACCABE
Assistant United States Attorney
Violent & Organized Crime Section